UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINA VAN NATTA, individually, and on behalf of a minor LVN, <br><br> Plaintiffs, <br><br> v. <br><br> ROCKINMUSIK, LLC, dba EASTON SCHOOL OF ROCK and SCHOOL OF ROCK, LLC; and RAY THIERRIN; and SUSAN THIERRIN <br><br> Defendants. | Civil Action No. 5:12-cv-00575-MMB |

## ANSWER OF DEFENDANTS TO COMPLAINT

Defendants Rockinmusik, LLC, dba Easton School of Rock and School of Rock, LLC, and Ray and Susan Thierrin, (collectively, the "School of Rock") answer the complaint as follows:

1. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegation.

2. Admitted as to all time pertinent to the complaint.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted that Rockinmusik is a franchisee of School of Rock, LLC. The remainder of this allegation is denied.

13808348.1

9. Admitted that LVN was enrolled as a student, but denies that the date of enrollment was October 14, 2010 because the Permission form is dated October 7, 2010.

10. Admitted, except that this is only a portion of the agreement among the parties.

11. Admitted, except that this is only a portion of the agreement among the parties.

12. Admitted in part and denied in part. Admitted that some of the lyrics were written by LVN. It is denied that all of the lyrics were written by LVN. The parties have insufficient information to form a belief as to the truth of the remaining allegation; accordingly, same is denied.

13. Admitted.

14. Admitted.

15. Denied that this is "her song." To the contrary, the "song" and performance rights belong to LVN and others.

16. Defendants lack sufficient knowledge or information sufficient to form a belief as to the truth of the allegation. We are unaware of an entity named "School of Rock Incorporated." By way of further answer, the agreements among the parties are expressed in the Permission document.

17. Admitted that notice of revocation was sent. The remainder of this allegation is denied as a conclusion of law.

18. Denied.

19. Admitted.

20. The previous answers are incorporated by reference herein.

21. These allegations are conclusions of law, deemed to be denied and require no further response.

22. The previous answers are incorporated by reference herein.

23. These allegations are conclusions of law, deemed to be denied and require no further response.

24. The previous answers are incorporated by reference herein.

25. These allegations are conclusions of law, deemed to be denied, and require no further response.

26. These allegations are conclusions of law, deemed to be denied, and require no further response.

27. The previous answers are incorporated by reference herein.

28. This allegation is a conclusion of law, deemed to be denied, and requires no further response.

29. The previous answers are incorporated by reference herein as though set forth at length.

30. This allegation is a conclusion of law, deemed to be denied, and requires no further response.

31. This allegation is a conclusion of law, deemed to be denied and requires no further response.

32. The previous answers are incorporated by reference herein as though set forth at length.

33. This allegation is a conclusion of law, deemed to be denied, and requires no futher response.

34. This allegation is a conclusion of law, deemed to be denied, and requires no further response.

35. This paragraph contains a demand for relief and does not require an affirmative response.

WHEREFORE, defendants request that the complaint be dismissed.

## AFFIRMATIVE DEFENSES

36. The common law claims alleged in the complaint are barred by preemption by the Copyright laws of the United States.

36. Plaintiffs' claims are barred by the consent of the plaintiffs as contained in the Permission document and otherwise by their conduct.

37. Plaintiffs' claims are barred by the doctrine of license as granted under the Permission document and otherwise by their conduct.

38. Plaintiffs' claims are barred by their contributory infringement.

39. Plaintiffs' claims are barred by their unclean hands and other equitable doctrines.

40. Plaintiffs' claims are barred by the doctrine of waiver as contained in the Permission document.

WHEREFORE, defendants request that the complaint be dismissed.

/s/ Craig R. Tractenberg
Craig R. Tractenberg
NIXON PEABODY LLP
Attorney I.D. No. 34636
Two Penn Center
1500 JFK Blvd., Suite 200
Philadelphia, PA 19102
(215) 246-3525
ctractenberg@nixonpeabody.com

Attorneys for Defendants

Dated: February 23, 2012

## CERTIFICATE OF SERVICE

      I hereby certify a copy of the foregoing documents were served by first class mail, postage prepaid, on February 23, 2012, upon plaintiffs' counsel, Angelo M. Perruccci, Jr., 2202 Northampton Street, Easton, PA 18042.

                                      /s/   Craig R. Tractenberg